UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-357-JBC

COREY MARCELLUS JETER                                                               PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JAMES MORGAN, ET AL.                                                              DEFENDANTS

The plaintiff, Corey Marcellus Jeter, who is currently confined in the Luther Luckett Correctional Complex ("LLCC") in LaGrange, Kentucky, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 [Record No. 1].[1]  He has filed an "Application to Proceed *In Forma Pauperis*" [Record No. 2], which the court will address by separate order.

This matter is before the court for initial screening.  28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under § 1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

This is a *pro se* complaint and, as such, it is held to less stringent standards

---

[1] At the time of the events described in the complaint, the plaintiff was confined in the Northpoint Training Center ("NTC") in Burgin, Kentucky.

than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. § 1915(e)(2) affords a court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted.

## NAMED DEFENDANTS

The plaintiff names the following defendants: (1) Ronnie Guy, the supervisor of the Landscaping Department of the NTC; (2) Gary Clemmons, a correctional officer at the NTC; and (3) James Morgan, the warden of the NTC. The plaintiff asserts claims against all of the defendants in both their individual and official capacities.

## CLAIMS

The plaintiff alleges that the defendants engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States Constitution. Specifically, the plaintiff alleges that on September 3, 2005, while working on "outside detail" at NTC, he sustained a serious bodily injury to his arm while operating a weedeater. He states that as a result of his arm injury, he will have permanent nerve damage. He alleges that Defendant Ronnie Guy, the supervisor of the Landscaping Department, knew that weedeater had either been altered or was not in proper working condition, and failed to inform the plaintiff of that fact.

The plaintiff alleges that Defendant Gary Clemmons was also the supervisor of

the Landscaping Department at the NTC. He alleges that Clemmons failed to provide any safety training relative to the tools and equipment which he (plaintiff) was using when he was injured. Plaintiff further complains that at the time of his injury, Clemmons "was no where to be found." [Complaint, Handwritten Supplement]

The plaintiff has also named James Morgan, the warden of the NTC, as a defendant. The plaintiff blamed Morgan for allowing him (plaintiff) to have used defective equipment and for failing to ensure that he (plaintiff) received safety training. Construed broadly, the claims against Morgan appear to be based upon the doctrine of *respondeat superior*.

Finally, the plaintiff claims that medical staff at the NTC failed to provide him with proper medical care despite numerous requests. He alleges that unidentified members of the medical staff denied him appropriate treatment because of the expense involved in the treatment. The plaintiff did not elaborate as to the nature or type of treatment which he claims he requested and was denied.

## RELIEF REQUESTED

The plaintiff seeks compensatory and punitive damages and payment of his medical expenses.

## FIRST JETER COMPLAINT

On September 27, 2004, the plaintiff filed a civil action against James Morgan and Ronnie Guy. *See Corey Marcellus Jeter*, 04-CV-433 ("the First Jeter Complaint"). The plaintiff's Eighth Amendment claims in the First Jeter Complaint related to his September 3, 2004, arm injury. He did not name Gary Clemmons as a defendant.

3

The plaintiff alleged in the First Jeter Complaint, as he does now, that the defendants failed: (1) to provide him with any on-the-job safety training, and (2) to post an on-the-job supervisor who could have rendered assistance after his injury.

On December 3, 2004, the court dismissed the First Jeter Complaint because Eleventh Amendment immunity precluded the plaintiff's claim for money damages against defendants named in their official capacities and because the defendants' alleged conduct did not rise to the level of an Eighth Amendment violation. The plaintiff did not appeal that dismissal.

## DISCUSSION OF INSTANT COMPLAINT

### 1. *Res Judicata*

The instant complaint must be dismissed for several reasons. First, *res judicata*, or claim preclusion, bars a subsequent action between the same parties or their privies based upon the same claims or causes of action that were or could have been raised in a prior action. *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981); *Kane v. Magna Mixer Company*, 71 F.3d 555, 560 (6th Cir. 1995). *Res judicata* applies when there is "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Kane*, 71 F.3d at 560.

In the instant complaint, as in the First Jeter Complaint, the plaintiff complains that the defendants' failure to provide safety training caused his injury and that their

4

failure to provide immediate assistance after he was injured worsened his injuries. The court dismissed these claims in the First Jeter Complaint on the merits. Because the current claims against Clemmons related to the same event described in the First Jeter Complaint, the plaintiff *could* have named Clemmons as a defendant in the First Jeter Complaint but did not do so. Accordingly, the plaintiff's claims against Clemmons are still subject to dismissal under the *res judicata* doctrine.

### 2. Medical Claims Lack Merit

The plaintiff has added a new claim in the instant complaint. He claims that he has been denied the necessary follow-up medical treatment for his arm injury. There are two reasons that the plaintiff's Eighth Amendment medical claims must be dismissed.

### A. Only Sufficiency of Treatment Challenged

The plaintiff alleges generally that he did not receive the medical care to which he claims he was entitled. He does not, however, describe what type of medical treatment he was denied. Eighth Amendment claims contain both an objective and a subjective component. *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321 (1991). The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations so serious that they deny him "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). The subjective component requires the plaintiff to demonstrate that prison officials acted wantonly, with deliberate indifference to the plaintiff's serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).

5

It appears that the plaintiff was not satisfied with the medical solutions offered to him. It does not appear that the plaintiff was not offered medical care, but that he did not agree with the *kind* of medical services that were offered. The plaintiff has established neither deliberate indifference to his various medical conditions nor a culpable state of mind on the part of the named defendants. The plaintiff alleges, at best, only a difference of opinion between him and the medical staff regarding his diagnosis and treatment. Such a disagreement does not constitute a valid Eighth Amendment claim. *Estelle v. Gamble*, 429 U.S. 97, 107 (1976); *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

Allegations of medical malpractice or negligent diagnosis and treatment are not cognizable under § 1983. *See Estelle v. Gamble*, 429 U.S. at 106; *Birrell v. Brown*, 867 F.2d 956, 958 (6th Cir. 1989). Even if mistakes in diagnosis and treatment are made, "[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Under the facts of this case, the plaintiff has not asserted grounds authorizing the court to deviate from the rule established in *Westlake v. Lucas*. Accordingly, the plaintiff's Eighth Amendment medical claims are dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(ii).

B. <u>No Personal Involvement Alleged</u>

Even if the plaintiff had alleged more than the existence of a mere dispute over the adequacy of his medical treatment, the claim would still be subject to dismissal. The plaintiff has failed to identify the person or persons who allegedly denied him the sought-after medical treatment. None of the defendants named in the complaint were

involved in the alleged denial of follow-up medical treatment. He has not named any medical personnel of the NTC as a defendant.

To the extent that the plaintiff may be alleging that James Morgan, the warden of the NTC, may have been responsible under the doctrine of *respondeat superior*, the claim fails. The plaintiff did not allege that Morgan was directly involved in the alleged decisions to deny him necessary care. The doctrine of *respondeat superior* cannot provide the basis for liability under § 1983. Proof of personal involvement is required for a supervisor to incur personal liability under § 1983, and liability cannot be imposed under a theory of *respondeat superior*. *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir.) ("[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees. Section 1983 liability will not be imposed solely upon the basis of *respondeat superior*. There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate."), *cert*. *denied*, 469 U.S. 845, 105 S.Ct. 156, (1984); *see also Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir.1989); and *Hays v. Jefferson County, Ky*., 668 F.2d 869, 872 (6th Cir.1982).

The plaintiff's allegations regarding the alleged denial of medical treatment fail to state a claim upon which relief can be granted and must be dismissed with prejudice. 28 U.S.C. § 1915(e)(2)(ii). For that reason, the court will deny the

plaintiff's "Motion for Appointment of Counsel" [Record No. 2] as moot.

## CONCLUSION

Accordingly, **IT IS ORDERED** that this action is **DISMISSED WITH PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants. The plaintiff's "Motion for Appointment of Counsel" [Record No. 2] is **DENIED** as **MOOT**.

Signed on January 10, 2006

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY