NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

CIVIL ACTION NO. 05-CV-357-JBC

COREY MARCELLUS JETER                                                                     PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

JAMES MORGAN, ET AL.                                                                      DEFENDANTS

Currently before the court for consideration are the following motions which Corey Marcellus Jeter, the *pro se* plaintiff, has filed: (1) "Motion to Vacate or Set Aside Order Dismissing Plaintiff's Civil Rights Complaint" [Record No. 10]; (2) "Motion for Leave to File Amended Complaint" [Record No. 11]; and "Motion to Appoint Counsel" [Record No. 12].

Procedural History

The plaintiff, who is currently confined in the Luther Luckett Correctional Complex in LaGrange, Kentucky, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 [Record No. 1]. The plaintiff was previously confined in the Northpoint Training Center ("NTC") in Burgin, Kentucky. He alleged that during his confinement at the NTC, the defendants, officials of the NTC, engaged in cruel and unusual punishment, in violation of his rights under the Eighth Amendment of the United States

Constitution.[1]

Specifically, the plaintiff alleged that on September 3, 2004, while working on "outside detail" at NTC, he sustained a serious injury to his arm while operating a weedeater. He alleged that as a result of his arm injury, he will have permanent nerve damage. He claimed that although Defendants Clemmons and Guy knew that the weedeater had either been altered or was not in proper working condition, they did not inform him of that fact. The plaintiff alleged that Defendant James Morgan, the warden of the NTC, allowed him (plaintiff) to use defective equipment and failed to ensure that he received safety training. The plaintiff further claimed that medical staff at the NTC failed to provide him with proper medical care despite numerous requests.

On January 10, 2006, the court entered a Memorandum Opinion and Order ("the Opinion and Order") and Judgment, dismissing the complaint on several different grounds [Record Nos. 8 and 9]. First, the court determined that the claims pertaining to the weedeater's operation and/or maintenance were barred by the doctrine of *res judicata*. Second, the Court ruled that because the plaintiff merely disagreed with the course of medical treatment he had received at the NTC, he had not stated a valid Eighth Amendment claim. Third, the court concluded that because the plaintiff did not allege that Warden Morgan was directly involved in the complained-of medical decisions, he could not be held liable under the doctrine of *respondeat superior* for the

---

[1] The plaintiff named the following defendants: (1) Ronnie Guy, the supervisor of the Landscaping Department of the NTC; (2) Gary Clemmons, a correctional officer at the NTC; and (3) James Morgan, the warden of the NTC.

2

alleged denial of medical care. The court's findings and conclusions are set forth in detail in the Opinion and Order.

## Current Motions

In his "Motion to Vacate and/or Set Side" [Record No. 10], the plaintiff reiterated the same arguments he raised in his complaint and alleged that the court acted improperly in screening and dismissing his claims. The plaintiff also cited *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir. 1983), for the proposition that a district court may not *sua sponte* dismiss a complaint unless the court first gives the plaintiff the opportunity to correct deficiencies. The plaintiff also seeks permission to file an amended complaint and asks the court to appoint him counsel [Record Nos. 11 and 12].

## DISCUSSION

The court construes the plaintiff's "Motion to Vacate and/or Set Side" [Record No. 10] as one seeking relief under Fed.R.Civ.P. 60(b). In order to obtain relief from a judgment or order under Fed.R.Civ.P. 60(b), a movant must demonstrate that an order (or judgment) was entered as a result of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which could not have been discovered in time to move for a new trial under Rule 59(b); or (3) fraud, misrepresentation, or other misconduct of the adverse party.[2] *See also Johnson v. Unknown Dellatifa*, 357 F.3d 539, 541 (6th Cir. 2004) (as a prerequisite to relief in a

---

[2] There are several other grounds set forth in Rule 60(b) which serve as a basis for relieving a party from a final judgment, none of which are applicable in this case.

3

motion for relief from judgment, a party must establish that the facts of its case are within one of the enumerated reasons contained in the federal rule of civil procedure governing motion for relief from judgment that warrant relief from judgment).

The court determines that the plaintiff has not satisfied the criteria under Rule 60(b) and that the motion must be denied. The plaintiff essentially reargues the allegations of his initial complaint. Nothing in the plaintiff's current motion convinces the court that it reached the wrong decision on either the issue of *res judicata* or on the insufficiency of the plaintiff's Eighth Amendment claims.

The plaintiff's reliance on *Tingler* is misplaced, because to the extent that it had applied to civil actions filed either by prisoners or by non-prisoners who seek to proceed *in forma pauperis*, *Tingler* is no longer the prevailing law in these cases. More recent case law decided under the Prison Litigation Reform Act, 28 U.S.C. §1915A ("the PLRA"), enacted in 1996, has expressly overruled *Tingler*. *See* 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The PLRA requires a district court to screen a complaint which seeks redress from any governmental entity as soon as it is filed and to determine whether that complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A. Pursuant to the screening provisions of the PLRA, the Court is not empowered to allow the plaintiff to amend the complaint to cure a jurisdictional deficiency.[3]

---

[3]

Prior to the enactment of the PLRA, there was a recognized trend in many federal courts to allow *pro se* plaintiffs to amend a complaint if it lacked some relevant jurisdictional element. *See*, *e.g.*,

4

The case of *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), holds that the moment a complaint is filed under either 28 U.S.C. § 1915A or 28 U.S.C. § 1915(e)(2), it is subject to review under § 1915(e)(2), and that a complaint must be dismissed if it satisfies the factors of § 1915(e)(2).[4] In *McGore*, the Sixth Circuit expressly observed that "The [PLRA] has overruled the [liberal amendment] procedures set forth in *Tingler v. Marshall*." *See McGore*, 114 F.3d at 612. The Sixth Circuit held in *McGore* that if a complaint subject to screening was required to be dismissed under § 1915(e)(2) "*when filed*, the district court should sua sponte dismiss the complaint." *Id*. (Emphasis Added). Thus, the proper inquiry under *McGore* is whether the complaint sufficiently establishes grounds for subject matter jurisdiction *when it is filed*. *See also Baxter v. Rose*, 305 F.3d 486, 489 (6th Cir. 2002) ("As we held in *McGore*, a plaintiff in a case covered by the PLRA may not amend his complaint to avoid *sua sponte* dismissal);[5] *Williams v. Johnson*, 55 Fed. Appx. 736, 737 2003 WL

---

*Tingler*, 716 F.2d at 1112; *Bianco v. Internal Revenue Service*, 1994 WL 538020 (S.D. N.Y. October 3, 1994); *Fluellen v. United States Department of Justice Drug Enforcement Administration*, 816 F. Supp. 1206 (E.D. Mich. 1993) (district court allowed plaintiff to amend his complaint under Fed.R.Civ.P. 15(a) where he had improperly named the two federal agencies as defendants in a complaint).

[4] *McGore* held that the PLRA's prohibition against amendment applies to dismissal under both prongs of 28 U.S.C. §1915(e)(2) (the first providing for dismissals on incorrect allegations of poverty, 28 U.S.C. §1915(e)(2)(A), and the second providing for dismissal for failure to state a claim upon which relief may be granted, 28 U.S.C. §1915(e)(2)(B).

[5] The Sixth Circuit also observed in *Baxter v. Rose* that: "The possibility of amendment undermines the screening process, preventing courts from efficiently evaluating whether the plaintiff met the exhaustion requirement." *Id*. at 489.

264723, \*\*2 (6th Cir. (Ky.) February 6, 2003) (Not selected for publication in the Federal Reporter) (plaintiff's argument that this court should have allowed him to amend his complaint and conduct discovery was unavailing "because the court had no discretion under the Prison Litigation Reform Act to permit amendment of the complaint in order to avoid dismissal. *See McGore, 114 F.3d at 612*."). There are other unpublished Sixth Circuit opinions which adopt this conclusion.[6] Under *McGore*, the court is not authorized to allow the plaintiff to amend his dismissed complaint to allow him to cure his deficiencies.

For these reasons, the court will deny the "Motion to Vacate and/or Set Side" [Record No. 10]. It will also deny the plaintiff's "Motion for Leave to File Amended Complaint" [Record No. 11] and "Motion to Appoint Counsel" [Record No. 12].

## CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) The plaintiff's "Motion to Vacate and/or Set Side" [Record No. 10] is **DENIED**;

(2) The plaintiff's "Motion for Leave to File Amended Complaint" [Record No. 11]

---

[6] *See Caldwell v. Commonwealth of Kentucky*, 238 F.3d 420, 2000 WL 1872054 (6th Cir. (Ky.) December 15, 2000) (Table) (Unpublished Disposition) ("Since Caldwell's complaint failed to state a claim for relief *at the moment of filing*, the dismissal of the complaint prior to amendment was appropriate even though Caldwell had paid the initial partial filing fee. *See McGore*, 114 F.3d at 608, 612; *accord* 28 U.S.C. §1915A.") (Emphasis Added); *Bell v. Rowe*, 178 F.3d 1293, 1999 WL 196531, \*\*1 (6th Cir. (Ohio) March 22, 1999) (Table) (Unpublished Disposition) ("Since Bell's complaint is time barred, and was frivolous *at the moment of filing*, the district court properly dismissed the complaint pursuant to the provisions of §1915(e). *See McGore*, 114 F.3d at 609. *The district court was not required to permit Bell to amend his complaint in order to avoid dismissal.*") (Emphasis Added).

is **DENIED**; and

    (2)    The plaintiff's "Motion to Appoint Counsel" [Record No. 12] is **DENIED**.

Signed on February 15, 2006

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY